UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSE J. SHOMO,

           Plaintiff,

 -v.-

                   9:04-CV-0910
                   (LEK)(GHL)

STATE OF NEW YORK; STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES; GLENN
S. GOORD; LESTER N. WRIGHT; STEPHEN M. BERNARDI;
DONNA M. MASTERSON; *et al.*,

           Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| JOSE J. SHOMO<br>Plaintiff, *Pro se* | |
| HON. ANDREW M. CUOMO<br>Attorney General of the State of New York<br>Attorney for the State Defendants | JEFFREY P. MANS, ESQ.<br>Assistant Attorney General |
| THUILLEZ, FORD, GOLD, JOHNSON<br> & BUTLER<br>Attorneys for Defendants Correctional Medical<br> Services, Hochstetler, Gardella, Allen, and<br> Memheart | DEBRA J. YOUNG, ESQ. |

GEORGE H. LOWE, United States Magistrate Judge

## DECISION and ORDER

  Plaintiff Jose J. Shomo, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, commenced this civil rights action against various Department of Correctional Services ("DOCS") employees and employees of Correctional Medical Services ("CMS") pursuant to 42 U.S.C. § 1983 alleging deprivation of his civil rights. Plaintiff claims, *inter alia*, that while incarcerated at Coxsackie Correctional Facility and Mohawk Correctional Facility, he was denied

adequate accommodation for his disabilities in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA"), and denied medical care in deliberate indifference to his serious medical needs in violation of his civil and/or constitutional rights. *See* Dkt. No. 1.

Currently before the Court is Plaintiff's Motion to Compel Discovery. Dkt. No. 52. The State Defendants have replied in opposition to Plaintiff's Motion to Compel. Dkt. No. 57. The CMS Defendants have also filed a response in opposition to Plaintiff's Motion to Compel together with a Motion for a Protective Order. Dkt. No. 58. Plaintiff's Motion to Compel relates to his Request for Production of Documents and First Interrogatories dated November 4, 2005. Dkt. No. 52, Ex. 1. The CMS Defendants responded to Plaintiff's discovery requests on December 6, 2005.[1] *Id.* at Ex. 2. Their responses included objections. *Id.* Plaintiff has demonstrated that he made a good-faith effort to resolve these discovery matters with counsel for the CMS Defendants after receiving the CMS Defendants' responses. *Id.* at Ex. 3.

## I.  The State Defendants

The State Defendants oppose the Motion because the discovery in question was not served upon counsel for the State Defendants and does not relate to the State Defendants. Dkt. No. 57. After reviewing Plaintiff's discovery requests, it is clear that the requests relate only to the CMS Defendants. Accordingly, Plaintiff's Motion to Compel is denied with respect to the State Defendants.

---

[1] The CMS Defendants did not comply with Rule 26.1 of the Local Rules of Practice of the Northern District of New York which states that "[i]n answering or objecting to interrogatories, requests for admission, or requests to produce or inspect, the responding party shall first state verbatim the propounded interrogatory or request and immediately thereafter the answer or objection." Defendants are advised to comply with this Rule in all future discovery responses.

**II.     The CMS Defendants**

The scope of permissible discovery in a civil action pending in a federal district court is defined, in the first instance, by Rule 26(b)(1) which provides, in pertinent part, as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(b)(1). When applying this standard in a case such as this, the Court must be mindful that "actions alleging violations of § 1983 require especially generous discovery." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (citing *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 [N.D.N.Y. 1984] [Foley, J.]). When addressing a party's resistance to discovery requests propounded by an adversary, a court must also give recognition to the precept that

> [a]n objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of discovery rules found in the Federal Rules of Civil Procedure.

*Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (internal citations omitted).

With these parameters in mind, the Court will review each request individually. Since the CMS Defendants have agreed to provide more limited discovery than requested by Plaintiff subject to a Protective Order (*see* Dkt. No. 58), the Court will simultaneously review CMS Defendants' proposals and request for a protective order together with the individual discovery requests.

### A.     Request 1(A)

Provide a complete list of all CMS employees who were assigned to the Coxsackie Correctional Facility Regional Medical Unit[2] from January, 2001 through December 2002. Provide each such employees current or last known whereabouts.

Defendants object to this request, asserting that the production request is overly broad and unduly burdensome and that for security reasons the information regarding the whereabouts or addresses of each of these CMS employees should not be released. Dkt. No. 58 at 5-6. Specifically, Defendants contend that the request seeks information regarding CMS employees "who did not have contact with plaintiff and who are not parties to this action." Dkt. No. 58 at 4-6. Plaintiff counters by saying that he needs the full list of employees so that he can locate witnesses or decide if there are additional parties to be added as defendants. Defendants have agreed to produce a **list of names** of all personnel employed by CMS at Coxsackie RMU between January 2001 and December 2002. *See* Dkt. No. 58 at 9.

The Court agrees that this request is very broad. The Court also agrees that the Plaintiff has established no particular need for current addresses of the CMS employees. The Court believes, however, that for purposes of discovery, Plaintiff is entitled to know whether the **named Defendants** are still employed at Coxsackie RMU.

<u>Accordingly, Defendants are directed to produce a **list of names** of **all** personnel employed by CMS at Coxsackie RMU between January 2001 and December 2002. Defendants shall also advise Plaintiff whether the **named Defendants** are still employed by CMS at Coxsackie RMU</u>.

---

[2] Coxsackie Correctional Facility Regional Medical Unit will be referred to as Coxsackie RMU.

B.     Request 1(B)

For each such employee so employed by CMS during those periods in question[,] [p]rovide their title, a copy of their job description, a copy of their resume, and a copy of any diplomas, certifica[tes] or other educational credentials that qualified for the position held. Defendants object to this request as overly broad and unduly burdensome because it seeks

information for more than a two year period for all employees of CMS and is not limited to those employees who had contact with Plaintiff and are parties to this action. Dkt. No. 58 at 6. Defendants agree to provide "whatever public licensing information it has in the personnel files of those individually named defendants, subject to a protective order precluding disclosure of this information outside the instant lawsuit. If plaintiff adds any additional defendants to this matter, CMS will provide their public licensing information as well." *Id*. The Court has reviewed Defendants' objections to request 1(B), and sustains Defendants' objections.

Defendants are directed to produce to Plaintiff  whatever public licensing information it has in the personnel files for each individually named CMS Defendant. The information is released to Plaintiff **subject to a protective order precluding disclosure of this information outside of this lawsuit**.

C.     Request 1(C)

If any such employee identified for the period in question no longer is employed by CMS, the[n] [p]rovide the date of thier [*sic*] termination, the reason for their termination and either their current or last known whereabouts.

Defendants object to the request as overly broad, unduly burdensome, and not limited in scope to the Defendants named in this action. Dkt. No. 58 at 6-7. Moreover, Defendants contend that "the request appears to seek information regarding employees terminated for any reason, without specifically articulating how any reason for termination would be relevant to plaintiff's claims in this lawsuit." *Id*. at 7. Plaintiff argues that he is entitled to names and addresses of

5

potential witnesses, but does not explain the particular need for information regarding the termination of any CMS employee. Dkt. No. 52 at 6. Defendants agree to produce the **date of termination** of any CMS employee named as a Defendant in this action. *See* Dkt. No. 58 at 9.

The Court finds that information regarding the reasons any CMS employee was terminated does not appear related to Plaintiff's claims that he was denied medical care or reasonable accommodations for his disabilities. Moreover, the Court will not require Defendants to provide Plaintiff with the current "whereabouts" of terminated CMS employees.

The Defendants are directed to provide Plaintiff with the date of termination, if any, of any of the named CMS Defendants.

### D.     Request 1(D)

Further since many of these employees may only be known to Plaintiff by sight or face[,] [p]rovide a [copy] of the personnel photographs of all such employees or in the alternative arrange a photo array where Plaintiff will be afforded an opportunity to identify any such employee or former employee.

Defendants state the "CMS does not take or maintain photographs of its employees."[3]

Defendants' objection is sustained and Plaintiff's motion is denied with respect to this request.

### E.     Request 1(E)

Provide the arrest records or records of any known prior bad acts or uncharged crimes for each and every such employee. Also since each employee worked in a correctional setting a records check must have been performed, also provide a copy of such records check.

Defendants object to the request as overly broad, unduly burdensome, and not limited in scope to the Defendants named in this action. Dkt. No. 58 at 6-7. Moreover, Defendants state that "CMS does not perform a background or records check on its employees. That is performed by the

---

[3] The CMS Defendants indicate that any photographs are taken by the State Defendants "for security purposes." Dkt. No. 58 at 7.

co-defendant in this matter and not information which CMS obtains or maintains."

Defendants' objection to this request is sustained and Plaintiff's motion is denied with respect to this request.

### F.     Request 1(F)

Provide a copy of any institutional greivances [*sic*] or other complaints that might have been filed against any employee of CMS' Coxsackie staff or if such employee has worked in another correctional setting, provide copies of any complaints filed against the employee from that institution.

Defendants state that it is not "CMS's responsibility to accept inmate grievances.  Any grievances received regarding CMS employees are reviewed and forwarded to the facility for investigation.  CMS does not keep copies of any such grievances which are kept by the facility grievance office.  Therefore, CMS does not have access to these grievances filed against its employees at this correctional facility or any other correctional facility . . . .  CMS does not maintain nor have access to inmate grievances filed in New York State."  Dkt. No. 58 at 8.

Defendants' objection is sustained and Plaintiff's motion is denied with respect to this request.

### G.     Request 1(G)

Provide as a whole the names and addresses of any agency or health organization in which CMS has had prior complaints filed against the corporation as a [w]hole "Nation Wide" or where ever CMS may have contract agreements to provide comprehensive health care, either primary, acute or long term care.

Defendants state that "CMS does not maintain any documents which would be responsive to this demand as stated."  Dkt. No. 58 at 8.

The Court has concerns regarding this request.  The request is not limited in time, scope or even to a particular type of complaint.  A response to such a broad request would be unduly

7

burdensome given the fact that CMS provides services nationwide. While the Court agrees that the request is overly broad, past complaints against CMS or the CMS Defendants regarding deliberate indifference to serious medical needs or denial of reasonable accommodations **at Coxsackie RMU** could be used by Plaintiff to attack the credibility of these Defendants or to impeach their testimony or to demonstrate that any supervisory Defendants had notice of the Defendants' alleged past actions. Thus, Plaintiff is entitled to this information, limited in time and scope. While Defendants maintain that they do not have copies of such complaints, if any, in their possession, surely they could advise Plaintiff whether they are aware of any such complaints being filed against CMS or the CMS Defendants at any agency or health organization.

<u>Defendants are therefore directed to provide Plaintiff with a response to this interrogatory regarding their knowledge of any complaints filed against the CMS Defendants concerning deliberate indifference to serious medical needs or denial of reasonable accommodations. Defendants response shall be limited to complaints filed from January 2001 to December 2002 against CMS Defendants employed at Coxsackie RMU during that time period. The CMS Defendants shall not be required to provide information or documents regarding prisoner grievances, for the reasons more fully discussed in section II(F) herein above.</u>

    **H.**    **Request 1(H)**

Provide the names and either current or last known whereabout of any current or former employee of CMS who has filed grievances or other types of complaints against CMS nation wide. "Employee Complaints" against CMS at any of their holdings. This includes but is not limited to, office complaints, work safety complaints, sexual harassment complaints, questionable practices complaints, lack of staffing complaints, all complaints from any and all of CMS' holdin[gs] or where ever CMS has contracts to provide medical services regardless of the nature of those medical services.

Defendants state that this request is "overbroad in the extreme . . . . CMS provides health care staffing in correctional facilities throughout the nation in 25 separate states." *Id*. at 8. Defendants also argue that "the demand is not limited in time, scope or even to a particular type of complaint." *Id*. at 9.

The Court finds that the request is overly broad and not likely to lead to the discovery of admissible evidence. Moreover, the Court finds that the Plaintiff has not established a specific need, as related to his action, for copies of such complaints. *See U.S. v. Nixon*, 418 U.S. 683, 699-700 (1974) (disfavoring "fishing expedition[s]" during discovery), *accord*, *Lyeth v. Chrysler Corp.*, 929 F.2d 891, 899 (2d Cir. 1991).

<u>Plaintiff's motion is denied in this regard</u>.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Motion to Compel (Dkt. No. 52) is **GRANTED** in part and **DENIED** in part, as set forth and limited above. Defendants must produce required documents and supplement their interrogatory responses **within THIRTY (30) DAYS** of the filing date of this Order; and it is further

**ORDERED** that the CMS Defendants' Motion for a Protective Order (Dkt. No. 58) is **GRANTED** in part and **DENIED** in part, as set forth and limited above.

Dated: January 16, 2006
       Syracuse, New York

*/s/ George H. Lowe*
George H. Lowe
United States Magistrate Judge

9